DUMBROSKI, Infant by and Through his Father
and Next Friend, James J. Dumbroski
*v.* HINTZ ET UX.

[No. 86, September Term, 1969.]

*Decided December 4, 1969.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and SMITH, JJ.

*Charles W. Bell,* with whom were *John T. Bell* and *Bell
& Bell* on the brief, for appellants.

*Edward C. Bell,* with whom was *Hugh L. Reilly* on the
brief, for appellees.

696

PER CURIAM.

James Jerome Dumbroski, Jr. (Dumbroski), the infant plaintiff and appellant, was injured in an accident in February of 1967. Suit was brought on his behalf and on behalf of his father, James J. Dumbroski, in the Circuit Court for Montgomery County against appellees, William Emile Hintz and Harriet D. Hintz. The matter came on for trial and a jury returned a verdict in the amount of $2250.00 in favor of Dumbroski and $771.81 in favor of his father.

Dumbroski appeals to us alleging two errors, (1) the failure of the trial court "to fully instruct on damages or to amplify its given instruction on damages after exceptions thereto", and, (2) the alleged error of the trial court in prohibiting counsel for Dumbroski from making a *per diem* type argument to the jury in his summation. We shall affirm the action of the trial court.

If to instruction given by the trial court had been added language advising the jury to consider "whether the said injury is in its nature permanent, and how far it is calculated to disable the plaintiff from engaging in those mechanical employments and pursuits for which, in the absence of the said injury, he would have been qualified", then the instruction would have been the usual form of instruction in use in Maryland since *Bannon v. Baltimore & Ohio R. Co.*, 24 Md. 108 (1866).[1]

Basically the same instruction as was given in this case was given in *Von Schlegell v. Ford*, 167 Md. 584, 175 A. 589 (1934). Judge Offutt there said for the Court:

"It may be noted that nowhere in that prayer is there any specific reference to permanent injuries by that name; nevertheless its phraseology was broad enough to permit the jury, in estimating the damages, to consider whether the injuries which the plaintiff suffered were per-

---

1. See comment of Chief Judge Brune to this effect in *McAlister v. Carl*, 233 Md. 446, 450, 197 A. 2d 140 (1964), and in *Rhone v. Fisher*, 224 Md. 223, 225, 167 A. 2d 773 (1961).

manent in their nature. *Mt. Royal Cab Co. v. Dolan,* 166 Md. 581, 171 A. 854." *Id.* at 591.

The objection made by Dumbroski's counsel on this instruction was:

> "The other exception is more of a request to clarify damages of James Dumbroski, Jr. I don't recall Your Honor telling the jury they were entitled to find all of the elements in his favor if they so find with regard to the perma-. nency of the injuries."

The Court said in *Peterson v. Goodyear Tire,* 254 Md. 137, 254 A. 2d 198 (1969):

> "Requested written instructions, even though they be correct expositions of the law, need not be granted, provided 'the matter is fairly covered by instructions actually given; * * *.' Maryland Rule 554 b 1." *Id.* at 144.

If the exception of Dumbroski were to be treated as sufficient compliance with Maryland Rule 554 e, then under *Peterson v. Goodyear Tire, supra,* the court would not have been obliged to give additional instructions since, as indicated in *Von Schlegell v. Ford, supra,* the instruction was broad enough to permit argument relative to the permanency of the injuries.

Dumbroski seeks on the matter of the *per diem* argument to distinguish *Bauman v. Woodfield,* 244 Md. 207, 223 A. 2d 364 (1966). In that case one of the specific causes of complaint to this Court was the refusal of the trial court to allow a *per diem* argument. The concluding sentence of the opinion is:

> "Since it is only permissible for counsel to use a *per diem* argument the trial court did not err in disallowing such argument." *Id.* at 224.

Accordingly, *Bauman* is dispositive of the issue here.

*Judgment affirmed; appellant to pay the costs.*